The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence, the undersigned reach different facts and conclusions than those reached by the Deputy Commissioner and accordingly, the November 7, 1995 Opinion and Award by Deputy Commissioner Berger is HEREBY REVERSED AND VACATED. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
 1. The undersigned note for the record the following documents contained in the Industrial Commission file:
 1. A Form 21 approved by the Industrial Commission on February 10, 1994
 2. A Form 26 approved by the Industrial Commission on May 11, 1994
 3. An order approving a Form 24 application submitted by defendants filed on November 1, 1994. These documents were received into evidence.
* * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was a forty-four year-old male with a high school degree. Plaintiff had worked for the defendant-employer approximately three months prior to sustaining a compensable injury by accident on November 19, 1993.
2. On August 8, 1994, plaintiff had reached maximum medical improvement with regard to the injury plaintiff sustained to his back as a result of the November 19, 1993 compensable injury by accident.
3. As a result of the November 19, 1993 compensable injury by accident, plaintiff sustained a five percent permanent partial disability to his back.
4. From June 1, 1994 to July 12, 1994, plaintiff participated in a functional capacity evaluation and a work hardening program with the Rehability Center. Plaintiff was released and determined to be able to perform a medium heavy physical demand capacity level of work.
5. The defendant-employer had a mechanic's job available for the plaintiff to do upon his release by Dr. Khilstrom to return to work. If plaintiff had any heavy lifting involved in performing his job, there was another mechanic on duty who was possibly able to assist. However, it was not guaranteed that the other mechanic would always be there and available when needed to assist plaintiff. Further, the job would require plaintiff to do a continuous amount of bending, lifting, twisting, and stooping, which plaintiff would have been unable to perform because of his pain. Plaintiff is not capable of returning to his former employment due to his back condition, in particular his increased back pain on bending, stooping, etc. Dr. Khilstrom had released plaintiff to return to work as a mechanic for the defendant-employer. However, the job description presented to the physician did not accurately reflect the job of a truck mechanic as it actually existed. The proffered job was not suitable to plaintiff's capacity nor within the restrictions reflected in the functional capacity evaluation.
6. While a videotape introduced into evidence does depict plaintiff doing several light duties around his house and does show a one-time incident of tire-jacking a semi-truck cab, it is not indicative or convincing to the undersigned of plaintiff's true abilities as to work of a continuous nature throughout a work day for a period of successive days.
7. Defendants have offered no convincing evidence of plaintiff's ability to earn the same or similar wages at his former employment or at any other employment. Defendants have not located for plaintiff an available, suitable job within his work restrictions.
8. Plaintiff remains totally disabled as a result of his compensable injury on November 19, 1993. Thus, the Form 24 application approval of November 1, 1994, was improvidently entered.
* * * * * * * * * *
The foregoing findings of fact engender the following
CONCLUSIONS OF LAW
1. Plaintiff's refusal to perform the mechanic's job offered him was justified. N.C. Gen. Stat. § 97-32. Defendants have failed to sufficiently or convincingly show that suitable employment is available to plaintiff within the functional capacity evaluation restrictions. Thus, plaintiff is entitled to ongoing total disability compensation indefinitely or until further order of the Commission. G.S. 97-29. Franklin v. Broyhill FurnitureIndustries, ____ N.C. App. ____, 472 S.E.2d 382 (1996). Defendants have failed to sufficiently or convincingly meet the burden placed upon them by the approval of a Form 21 or subsequent Form 26 Agreement. Kisiah v. W. R. Kisiah Plumbing, N.C. App. No. COA 95-878 [Filed: October 15, 1996]. Thus plaintiff is entitled to ongoing temporary total disability benefits in the amount of $260.45 per week from February 7, 1994, and continuing. The Form 24 Agreement was improvidently approved.
2. Plaintiff is entitled to medical compensation benefits for treatment resulting from his compensable injury, when such care tends to effect a cure, give relief, or lessen his period of disability. G.S. 97-25.
3. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent (25%) of the compensation benefits awarded herein. G.S. 97-90.
* * * * * * * * * * *
The foregoing findings of fact, and conclusions of law engender the following:
AWARD
1. The approval of the Form 24 application is HEREBY VACATED.
2. Defendants shall pay plaintiff total disability compensation at the rate of $260.45 per week, beginning February 7, 1994, and continuing indefinitely, or until further order of the Commission. Such amounts as have accrued shall be paid in a lump sum subject to attorney's fees approved below.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation benefits accrued to date shall be paid in a lump sum directly to plaintiff's counsel. Thereafter, every fourth check of total disability compensation due shall be forwarded directly to plaintiff's counsel as his reasonable fee in this matter.
4. Defendants shall pay the costs.
5. Defendants shall pay expert witness fees in the amount of $240.00 to Dr. Khilstrom and in the amount of $240.00 to Dr. Hynninen.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1996.
 S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 11/19/96